UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE THOMAS,

                Plaintiff,

      -v.-

UNITED STATES OF AMERICA,

                Defendant.

17 Civ. 781 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The issue now before the Court is whether Plaintiff Dwayne Thomas is entitled to relief under Federal Rule of Appellate Procedure 4(a)(6). For the reasons that follow, the Court concludes that he is.

## BACKGROUND

On February 1, 2017, Plaintiff filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Dkt. #1). By Memorandum and Order dated January 19, 2021, Judge Pauley denied the motion. (Dkt. #31).

More than two months after the Court denied Plaintiff's motion, on April 6, 2021, Plaintiff filed a letter stating that he had not learned of the Court's decision until March 24, 2021, and asking the Court to extend his time to file a notice of appeal. (Dkt. #32). The Court granted Plaintiff's request on April 9, 2021. (Dkt. #33). Observing that "[i]t appears that Thomas's counsel retired from the practice of law and therefore Thomas did not receive notice" of the Court's decision denying his motion until after the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(B) had expired, the Court concluded that Plaintiff's delayed receipt of the decision constituted good cause

under Federal Rule of Appellate Procedure 4(a)(5)(A). (*Id.* at 1-2). The Court stated that it would mail a copy of its order to Plaintiff's address and ordered Plaintiff to file any notice of appeal by April 23, 2021. (*Id.* at 2). Plaintiff thereafter filed a notice of appeal on April 27, 2021, which included a hand-written letter stating that he had not received physical copies of the documents sent by the Court until April 22, 2021. (Dkt. #34).

By Order dated December 9, 2021, the Court of Appeals for the Second Circuit deferred decision on Plaintiff's motion for a certificate of appealability and appointment of counsel, finding that his notice of appeal was untimely. (Dkt. #35). The Second Circuit observed, however, that Plaintiff's notice of appeal indicated that he had not received the order denying his motion *or* the order granting an extension of his time to appeal until April 22, 2021 — the day before the extended deadline to file his notice of appeal. (*Id.*). Accordingly, the Second Circuit ordered the district court to construe Plaintiff's notice of appeal as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6) and to consider whether Plaintiff is eligible for relief and, if so, whether to reopen his time to appeal. (*Id.*).

## DISCUSSION

The case was reassigned to this Court on December 10, 2021, and the Court now proceeds to address Plaintiff's entitlement to relief under Federal Rule of Appellate Procedure 4(a)(6). That Rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Rule 4(a)(6)'s purpose is "to ease strict sanctions on litigants who ha[ve] failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control[.]" *In re WorldCom, Inc.*, 708 F.3d 327, 336 (2d Cir. 2013). The decision of whether to grant relief under Rule 4(a)(6) "is discretionary and district courts should exercise their discretion mindful of the purposes and structure of Rule 4(a)." *Id.* at 341. "The responsibility for determining predicate compliance with [Rule 4(a)(6)] is vested in the district court and generally the district court will be best suited to weigh the competing factors relevant to a Rule 4(a)(6) motion." *Id.* at 340-41 (internal quotation marks and footnotes omitted) (brackets in original).

Here, the Court finds each of the Rule 4(a)(6) prerequisites to be satisfied. *First*, Plaintiff did not receive notice of Judge Pauley's order denying his Section 2255 motion within 21 days of its entry. (Dkt. #31, 32). As recounted above, Plaintiff did not learn of the January 19, 2021 order denying his motion until March 24, 2021 (Dkt. #32), and appears not to have received a physical copy of

the order until April 22, 2021 (Dkt. #34). There is no indication that Plaintiff caused or contributed to this delay. Indeed, Judge Pauley sourced Plaintiff's lack of notice to his counsel's retirement from the law. (Dkt. #33 (finding that "Thomas did not receive notice" of the Court's order due to his counsel's retirement)). *See Martinez* v. *Lamanna*, No. 19 Civ. 3348 (VB), 2021 WL 1759924, at *2 (S.D.N.Y. May 4, 2021) (observing that "a client cannot be charged with the acts or omissions of an attorney who has abandoned him").

*Second*, Plaintiff filed his notice of appeal from Judge Pauley's order, which this Court has been instructed to construe as a motion to reopen under Rule 4(a)(6), within 180 days of the entry of the judgment and 14 days of receiving actual notice of the judgment. (Dkt. #34). The Second Circuit has held that Rule 4(a)(6)'s "receive notice" requirement "refers to actual receipt, not simply effective service[.]" *In re WorldCom, Inc.*, 708 F.3d at 335. In this case, Plaintiff appears not to have received the January 19, 2021 decision denying his motion until April 22, 2021. (*See* Dkt. #34). Five days later, on April 27, 2021, Plaintiff filed his notice of appeal. (*Id.*).

*Third*, the Court finds that no party would be prejudiced by reopening Plaintiff's time to file a notice of appeal. As reflected in the procedural history recounted above, Plaintiff has consistently sought to file a notice of appeal but has repeatedly received delayed and untimely notice of critical documents, preventing him from exercising his rights in a timely manner. Permitting Plaintiff to proceed with his notice of appeal under these circumstances is unlikely to prejudice Defendant.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). Plaintiff shall file his notice of appeal, if any, on or before **April 13, 2022**.

Defendant is hereby ORDERED to notify the Second Circuit of this decision within 30 days of its entry. (*See* Dkt. #35).

The Clerk of Court is directed to mail a copy of this Order and the attached appeal form to the following address:

> Mr. Dwayne Thomas, Reg. No. 66440-054
> FCI Allenwood Medium
> Federal Correctional Institution
> P.O. Box 2000
> White Deer, Pa.  17887

SO ORDERED.

Dated:   March 30, 2022
         New York, New York

                                    KATHERINE POLK FAILLA
                                    United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

_____
(List the full name(s) of the defendant(s)/respondent(s).)

_____CV_____ (    )(    )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _____

_____
(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☐ order    entered on: _____
(date that judgment or order was entered on docket)

that: _____

_____
(If the appeal is from an order, provide a brief description above of the decision in the order.)

_____         _____
Dated                                   Signature*

_____
Name (Last, First, MI)

_____  _____  _____  _____
Address                         City    State                            Zip Code

_____         _____
Telephone Number                        E-mail Address (if available)

_____

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13